United States District Court
Southern District of Texas
**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jacoby Pierre Prosper, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-4844 |
| | § | |
| Equifax Information Services, | § | |
| Experian Information Solutions, | § | |
| Inc., and TransUnion LLC, | § | |
| *Defendants.* | § | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

Pending before the court is Plaintiff Jacoby Prosper's Motion for Leave to File First Amended Complaint Out of Time. ECF No. 39. While the court understands that Defendants have the right to respond, in the interest of time- and cost-savings, the court enters this order without waiting for Defendants' response.

The procedural history has been made unnecessarily complicated, mostly by Plaintiff's own failures to monitor the docket sheet (in the case that he filed) and to read and comply with the court's orders and instructions on a timely basis. Plaintiff is hereby **ORDERED** to:

    (1)  keep himself apprised of the activity on the court's docket;

    (2)  carefully read all docket entries and court orders; and

    (3)  strictly comply with all court orders.

Plaintiff is hereby **WARNED** that the court will not accept as an excuse in the future that the Plaintiff failed to follow an order because he did not realize it had been entered. **<u>Future failure to follow the court's orders will result in the application of appropriate sanctions, including, but not limited to, a</u>**

**recommendation that this case be dismissed for failure to prosecute.**

On January 15, 2026, the Plaintiff failed to attend the initial conference in this case, so the court set a show cause hearing on January 29, 2026. ECF No. 23. On the same day the show cause hearing was set, Plaintiff filed his Motion to Excuse Failure to Appear and Reset Initial Conference. ECF No. 24. The fact that Plaintiff filed the latter document mere hours after the court entered its show cause order strongly indicates that Plaintiff is well aware of the events and entries being placed on the court's docket.

The court accepted Plaintiff's excuse and entered a scheduling order on January 29, 2026, with an amended pleadings deadline of February 16, 2026. ECF No. 25. Plaintiff did not seek leave to amend his complaint by the deadline, and on March 26, 2026, Experian filed its Motion for Judgment on the Pleadings. ECF No. 28. After Experian notified the court that Plaintiff had failed to respond to its motion, the court, *sua sponte*, allowed Plaintiff until May 8, 2026, to amend his complaint. ECF No. 32. In the same order, the court denied the pending motions to dismiss as moot and stayed discovery in the case pending resolution of any forthcoming motion to dismiss. *Id.*

Just hours after the court gave Plaintiff leave to amend and denied the motions to dismiss his case, Plaintiff filed a motion seeking leave to respond to one of the motions to dismiss. ECF No. 33. The court denied his motion as moot because it had already denied the motions to dismiss and allowed Plaintiff to amend his complaint. ECF No. 34. The court reminded Plaintiff that he had until May 8, 2026, to file his amended complaint. *Id.*

The May 8, 2026 deadline to amend came and went. On June 8, 2026, the court entered an order reinstating the motion to dismiss and motion for judgment on the pleadings, which had both

2

been previously denied as moot because of the court's expectation that Plaintiff would amend his complaint. ECF No. 36. As Plaintiff has done twice before, just hours after the court reinstated the motions, Plaintiff filed a new motion for leave to amend his complaint. ECF No. 39. In the motion, he acknowledges that he missed the court's deadline to file his amended complaint and blames the delay on a change in mailing address. *Id.* at 1. He wrote his new address on the bottom of the Motion. *Id.* He also attached a copy of his proposed amended complaint to the Motion. ECF No. 39-1.

Federal Rule of Civil Procedure 6(b) provides that a court may, for good cause, extend the time for a party to act "after the time has expired if the party failed to act because of excusable neglect." "Excusable neglect" is a "somewhat elastic" concept. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). It requires the court to make an equitable determination, "taking account of all relevant circumstances . . . ." *Id.* at 395. Such circumstances include the length of the delay, the actual and potential impact of the delay, and the reason for the delay. *Id.* In examining the reason for the delay, the court should evaluate whether the delay "was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

While this delay appears to have been within Plaintiff's control, and the timing of Plaintiff's filings is suspect, the court cannot say that he is acting in bad faith. Moreover, the delays that Plaintiff has caused will not unduly prejudice Defendants nor have great impact on the progression of this case. Essentially, Plaintiff is asking that the court return this case to where it was on April 23, 2026, when the court allowed leave to amend and denied the pending motions to dismiss as moot. ECF No. 32. Accordingly, and reluctantly, Plaintiff's Motion for Leave to File First Amended Complaint Out of Time, ECF No. 39, is **GRANTED**.

It is **ORDERED** that the clerk shall file ECF No. 39-1 as Plaintiff's First Amended Complaint. The order reinstating Defendants' Rule 12 Motions, ECF No. 36, is **VACATED**. Defendants have until July 8, 2026, to answer the First Amended Complaint or to otherwise move under Rule 12.

Again, the court believes that Plaintiff is actively reviewing the court's docket and has the ability to make filings within mere hours after the court enters its orders. Excuses about not being able to monitor the docket or the inability to make timely filings will no longer be accepted. Strict and full compliance with the court's orders is expected and required. "[A] party has a duty of diligence to inquire about the status of a case . . . ." *Associated Marine Equip. LLC v. Jones*, 301 F. App'x 346, 349 (5th Cir. 2008) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)). Plaintiff is **ADMONISHED** that it is his responsibility to monitor the docket in order to stay informed of all case activity and to promptly inform the court of any changes to his contact information.

Signed at Houston, Texas, on June 22, 2026.

_____
Peter Bray
United States Magistrate Judge

4