United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jacoby Pierre Prosper, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-4844 |
| | § | |
| Equifax Information Services LLC, | § | |
| Experian Information Solutions | § | |
| Inc., TransUnion LLC, | § | |
| *Defendants*. | § | |

**MEMORANDUM AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 30. Pending before the court is Defendants Equifax Information Services LLC and TransUnion LLC's Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 46. Defendant Experian Information Solutions, Inc. has joined in the Motion. ECF No. 50. The court recommends that the Motion to Dismiss be **GRANTED**. The court further recommends that this case be **DISMISSED with prejudice**.

***1. Background Facts and Procedural Posture***

In October 2025, Plaintiff Jacoby Prosper sued Equifax, Experian, and TransUnion (collectively, Defendants) for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. Section 1681, *et seq*. ECF No. 1. It is undisputed that Defendants are consumer reporting agencies (CRAs) under the FCRA. *See Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 566 (5th Cir. 2020). Equifax and TransUnion moved to dismiss Prosper's original Complaint for failure to state a claim, and Experian moved for

judgment on the pleadings. ECF Nos. 7, 28. In response to the Motion to Dismiss, Prosper requested leave to amend his complaint. ECF No. 11 at 2. The court granted that request and ordered Prosper to amend. ECF No. 32. In the same order, the court warned Prosper that his "amended complaint shall address all of the deficiencies identified in the pending motions[,]" and that "[f]uture requests for leave to amend to address deficiencies already identified will be denied." *Id.* at 2.

Prosper failed to amend his complaint by the court's May 8, 2026 deadline. ECF No. 42. One month later, the court reinstated Defendants' Rule 12 motions. ECF No. 36. Just hours after that reinstatement, Prosper filed a new motion for leave to amend his complaint, to which he attached a proposed amended complaint. ECF No. 39. For the reasons stated in the court's June 22, 2026 Order, including the fact that Prosper had twice previously been granted leave to file an amended complaint and failed to do so, the court "reluctantly" granted Prosper's motion for leave. ECF No. 42. The clerk docketed Prosper's First Amended Complaint (FAC). ECF No. 43. The FAC is the operative pleading in this case.

According to the FAC, Defendants provided Prosper with a copy of his consumer credit report. ECF No. 43 ¶ 15. Prosper alleges that Defendants reported inaccurate information on five different tradelines. *Id.* ¶¶ 3, 16, 19–45. The alleged inaccurate information includes missed payments, late payments, opening dates, last-active dates, balances, and credit limits. *Id.* Prosper states that he contacted Defendants on several dates in 2024, via mail and by phone, to dispute the alleged inaccuracies. *Id.* ¶¶ 4, 17, 49–53, 65–68. Despite his disputes, Prosper states that Defendants failed to reasonably reinvestigate the information, in violation of 15 U.S.C. Section 1681i. *Id.* ¶¶ 5, 18, 64–71. Prosper alleges that if Defendants had conducted a reasonable investigation, they would have "corrected, modified, or

deleted" the disputed information. *Id.* ¶ 69. Prosper states that Defendants continued to report the incorrect information on his consumer credit reports. *Id.* ¶¶ 5, 18, 64–71. Prosper also alleges that Defendants violated 15 U.S.C Section 1681e(b) by failing to maintain reasonable procedures to assure the maximum possible accuracy of information in his consumer credit report. *Id.* ¶¶ 13, 56–63. Prosper states that he "suffered damages including denial of credit opportunities, higher interest rates, difficulty obtaining financing, housing-related difficulties, emotional distress, and [he spent] substantial time and effort attempting to correct his consumer reports." *Id.* ¶ 6; *see also id.* ¶¶ 46–48, 54–55.

Equifax and TransUnion moved to dismiss the FAC for failure to state a claim. ECF No. 46. Experian moved to join the Motion to Dismiss, which the court granted. ECF Nos. 49, 50. Prosper did not respond to the Motion to Dismiss, so it is deemed unopposed. *See* S.D. Tex. L.R. 7.4 (stating that failure to respond to a motion is "taken as a representation of no opposition"). At the same time, the court will not grant a dispositive motion merely because it is unopposed. *See Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (reversing the district court's decision to grant defendants' motions to dismiss merely because they were unopposed). The court thus considers the Motion to Dismiss on the merits.

***2. Rule 12(b)(6) Legal Standard***

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708

(S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

"A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are "disentitled . . . to the presumption of truth." *Id.* at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

***3. Analysis***

Prosper alleges that Defendants violated Sections 1681i and 1681e(b) of the FCRA. ECF No. 43. In their Motion to Dismiss, Defendants argue that Prosper's FAC fails to state a claim under either provision. ECF No. 46. The court agrees.

A plaintiff who seeks "to recover under the FCRA must plead sufficient facts to show a factual inaccuracy[.]" *Smith v. Experian Info. Solns., Inc.*, No. 26-0206, 2026 WL 187694, at *2 (S.D. Tex. June 26, 2026). A credit entry may be "inaccurate" if "it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) (citing *Pinner v. Schmidt,* 805 F.2d 1258, 1258 (5th Cir. 1986)). However, the FCRA "does not impose strict liability for inaccurate entries." *Id.* at 896. The plaintiff must demonstrate that a CRA "either (1) violated the statute willfully, or (2) violated the statute negligently, resulting in actual damages." *Washington v. Cap. One Auto Fin.*, No. 26-1267, 2026 WL 1495050, at *3 (S.D. Tex. May 28, 2026). If a plaintiff "cannot show inaccuracy, [they] cannot show actual damages." *Id.*

A plaintiff must make a threshold showing that the credit information is inaccurate. *James v. Westlake Fin. Servs.*, No. 25-5563, 2026 WL 2516356, at *2 (S.D. Tex. July 24, 2026) (citing *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) (holding that inaccuracy is a threshold requirement for Section 1681i claims)), *R. & R. adopted*, 2026 WL 2507733 (S.D. Tex. Aug. 24, 2026); *see also Irvin v. Equifax Info. Servs., LLC*, No. 19-3688, 2020 WL 4547152, at *2 (S.D. Tex. Aug. 6, 2020) (collecting cases establishing that inaccuracy is also a threshold requirement for Section 1681e(b) claims)). To that end, a plaintiff must identify *how* the information reported is inaccurate or misleading, including what information *should* be displayed. *James*, 2026 WL 2516356, at *3.

Prosper's FAC contains only conclusory allegations that Defendants reported various inaccurate information pertaining to five different tradelines. For example, under the heading for "Mission Lane Tradeline," Prosper "alleges that the identifying information associated with the Mission Lane account did not match [his] correct identifying information." ECF No. 43 ¶ 44. He does not specify what "identifying information" was reported, or what the correct identifying information would have been. All of Prosper's allegations throughout the FAC are similarly deficient. Accordingly, Prosper has not met the threshold showing that the information on his consumer credit report is inaccurate.

Even assuming that Prosper had properly alleged an inaccuracy, Prosper's FAC does not contain factual support for the harms he alleges. He provides only conclusory allegations about his alleged damages. Additionally, Prosper failed to plead any facts to establish that Defendants acted willfully or negligently.

Those findings alone warrant dismissal of Prosper's case. However, as discussed below, Prosper also failed to plead other elements specific to each cause of action.

***A. 15 U.S.C. Section 1681i***

Under Section 1681i(a) of the FCRA, CRAs are required to conduct a reinvestigation into the accuracy of any disputed information and to record the status of the information within thirty days. 15 U.S.C. § 1681i(a). To state a claim under Section 1681i, a plaintiff must plead that

> (1) he disputed the accuracy of an item of information contained in his . . . consumer file [with the CRA]; (2) [the agency] did not reinvestigate free of charge and either record the current status of the disputed information or delete the item from the file in the manner prescribed by § 1681i(a)(5) within 30 days of notice of the dispute; (3) [the CRA's] noncompliance was negligent or willful; (4) [the plaintiff] suffered injury; and (5) that injury was caused by [the agency's] failure to reinvestigate and record the current status of the disputed information or delete the item from the file.

*James*, 2026 WL 2516356, at *2 (quoting *Ramirez v. Experian Info. Sols., Inc.*, No. 25-0443, 2026 WL 833868, at *8 (N.D. Tex. Mar. 26, 2026)).

Prosper merely alleges that because Defendants did not remove the disputed information from his consumer credit report, they failed to conduct a reasonable reinvestigation. In other words, Prosper takes issue with the *results* of Defendants' reinvestigations. But it cannot be inferred that Defendants failed to perform a reasonable investigation from the fact that the result was not what Prosper desired.

Prosper has not pleaded facts sufficient to state his claim under Section 1681i. The court recommends that Prosper's claims under Section 1681i be **DISMISSED with prejudice**.

***B. 15 U.S.C Section 1681e(b)***

Section 1681e(b) provides that in the preparation of a consumer credit report, CRAs must "follow reasonable procedures to assure maximum possible accuracy" of a consumer's credit report. 15 U.S.C. § 1681e(b). To state a claim under Section 1681e(b), a plaintiff must plead allegations regarding the defendant's procedures and how those procedures are unreasonable. *James*, 2026 WL 2516356, at *4 (citing *Gill v. Chex Sys., Inc.*, No. 26-2725, 2026 WL 1260310, at *2 (S.D. Tex. May 7, 2026)).

Prosper does not plead any facts pertaining to Defendants' procedures or how those procedures are unreasonable. Accordingly, Prosper's FAC does not state a claim under Section 1681e(b). The court recommends that Prosper's claims under Section 1681e(b) be **DISMISSED with prejudice**.

***4. Further leave to amend is denied.***

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, they "must give the court at least some notice of what . . . [their] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted).

After Defendants filed their first motions under Rule 12, the court granted Prosper leave to amend and warned that "[f]uture requests for leave to amend to address deficiencies already identified will be denied." ECF No. 32 at 2. Defendants' original Rule 12 motions identified the same deficiencies that they argue are present in the FAC. *Compare* Defs.' 1st Rule 12 motions, ECF Nos. 7, 28, *with* Defs.' Mot. to Dismiss, ECF No. 46. Prosper did not respond to the instant Motion to Dismiss. He did not request additional leave to amend nor propose any further amendments to his complaint. He did not explain how the deficiencies in his FAC could be cured. Any request for leave to amend the complaint is **DENIED**.

***5. Conclusion***

The court recommends that Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 46, be **GRANTED**. The court further recommends that this case be **DISMISSED with prejudice**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 8, 2026.

Peter Bray
United States Magistrate Judge